*1155 OPINION.
Maeqttette :
In 1919 the A. Dirksen & Sons Corporation dissolved, having first liquidated by distributing its assets to its stockholders in exchange for their shares of stock. At the time of distribution the assets had a fair market value of $142,086.64. The par value of the company’s capital stock was $100,000, and the exchange resulted in gain or profit to the stockholders. The amount of such gain or profit was taxable income to the distributees of the assets, under the provisions of section 201 (c) of the Eevenue Act of 1918.
Theodore H. Dirksen was a stockholder in the company at the time of dissolution, received his proportionate share of the assets, and thereby derived taxable gain. The respondent’s determination of deficiency is based on the theory that Dirksen owned 999 shares of the company’s stock and that the'inventoried value of the assets is the proper basis upon which to compute the taxable gain.
We think the respondent is in error in both particulars. Concerning the stock ownership, the evidence establishes, the fact that in 1918 and 1914 Theodore Dirksen assigned to his wife a total of 543 shares of stock in the Dirksen corporation, in exchange for which she assisted him financially in his purchase of 456 shares from another stockholder. The stock assigned to Anna L. Dirksen was transferred to her on the books of the company and a new certificate for 543 shares was issued to her. It is also established that twice each year the company allocated to Anna L. Dirksen upon its books proportionate amounts of the dividends earned upon his shares, and, at her request, credited such amounts to her husband’s account. In her separate income-tax returns she reported as income to her the amounts of dividends allocated to her by the company. These facts, we think, establish Anna L. Dirksen’s ownership of and dominion over the shares in question; and their effect is not overcome nor nullified by the fact that she did not vote at stockholders’ meetings. The company was a close corporation, owning a business which was managed by Mrs. Dirksen’s husband, in whose integrity and business ability she had complete confidence. She was not a business woman and had no experience or training in the company’s affairs. Under such circumstances her failure to vote at stockholders’ meetings is neither a strange nor a suspicious circumstance.
As to the proper valuation of the company’s assets, section 202 (b) of the Eevenue Act of 1918 provides that:
When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any ⅜ *
This provision is directly applicable in the present proceeding. See also W. S. Forbes, 7 B. T. A. 611.
*1156 We conclude, therefore, that at the time A. Dirksen & Sons corporation was dissolved, and for several years prior thereto, Theodore H. Dirksen was the owner of only 456 shares of its capital stock. For that stock he received assets of the company amounting to $64,893.04, based upon the fair market value of the assets at the time, and as his stock cost him $54,000, his taxable gain amounted to $10,893.04.

Decision will be entered under Bule 50.